IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:18-CR-58 |
| vs. | MEMORANDUM AND ORDER |
| JON C. CARR, | |
| Defendant. | |

This matter is before the Court on the Magistrate Judge's Findings and Recommendation on a Guilty Plea (filing 30) recommending that the Court accept the defendant's plea of guilty. There are no objections to the findings and recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a de novo review of the record and adopts the findings and recommendation of the Magistrate Judge.

The Court notes that at the change of plea hearing (filing 33), the Magistrate Judge did not inform the defendant of the Court's obligation, if the defendant is non-indigent, to impose an additional special assessment of $5,000 pursuant to 18 U.S.C. § 3014(a)(3). *See* Fed. R. Crim. P. 11(b)(1)(L). However, the Court finds that the omission was harmless, because it did not affect the defendant's substantial rights. See Rule 11(h). While the defendant was not informed in open court about the Court's obligation to impose an additional special assessment, it was expressly noted in his plea agreement. Filing 29 at 3. And the defendant testified under oath that he read or listened to the plea agreement being read to him before he signed it. Filing 33 at 16.

The Court also notes that the defendant was advised in court that the offense carried a potential fine of up to $250,000. Filing 33 at 9. And the plea

agreement leaves the fine to the Court's discretion. Filing 29 at 3. The Eighth Circuit has held, in the context of restitution, that failure to advise a defendant of the court's authority to order restitution is harmless where the defendant is warned of a potential fine larger than the actual amount of restitution ordered. *United States v. Molzen*, 382 F.3d 805, 806 (8th Cir. 2004). The same principle holds true for the additional special assessment.

Having reviewed the record, the Court is persuaded that any omission from the Rule 11 colloquy was harmless, as it did not affect the defendant's substantial rights. *See*, *United States v. Gillen*, 449 F.3d 898, 903-04 (8th Cir. 2006); *United States v. McCarthy*, 97 F.3d 1562, 1574-76 (8th Cir. 1996); *United States v. Young*, 927 F.2d 1060, 1061-63 (8th Cir. 1991). The defendant's decision to plead guilty could not have been affected by the Magistrate Judge's failure to tell the defendant what he already knew. *Young*, 927 F.2d at 1063. The Court also notes that neither party has objected to the findings and recommendation, meaning that any objection has been waived. *See Peretz v. United States*, 501 U.S. 923, 936-39 (1991).

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation on a Guilty Plea are adopted.

2. The defendant is found guilty. The plea is accepted. The Court finds that the plea of guilty is knowing, intelligent, and voluntary, and that a factual basis exists for the plea.

3. The Court defers acceptance of any plea agreement until the time of sentencing, pursuant to Fed. R. Crim. P. 11(c)(3). Unless otherwise stated at the time of sentencing, any plea

agreement will be deemed accepted upon the pronouncement of the judgment and sentence.

4. This case shall proceed to sentencing.

Dated this 25th day of June, 2018.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge